IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00697-PAB-STV

SHANTEL E. BARTLETT,

    Plaintiff,

v.

JARED PALMA,
CHAD HARDING,
CITY OF EVANS, and
JOHN DOES 1-5,

    Defendants.

---

## ORDER

---

This matter is before the Court on plaintiff's Motion for Reconsideration re [51] Judgment and re [50] Order on Motion to Dismiss [Docket No. 52].

On March 24, 2016, plaintiff Shantel E. Bartlett filed her complaint. Docket No. 1. On August 4, 2016, plaintiff filed an amended complaint. Docket No. 33. On August 18, 2016, defendants filed a motion to dismiss. Docket No. 34. On March 22, 2017, the Court granted the motion to dismiss in part, dismissing all of plaintiff's federal claims with prejudice and dismissing plaintiff's state law claims without prejudice. Docket No. 50. The Court noted that plaintiff made "no factual allegations to support the claimed mail and wire fraud violations" that formed the basis of her claim under the Federal Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., Docket No. 50 at 6, and that there were "no well-pleaded factual allegations underlying [the] blanket statements" in support of plaintiff's civil rights claims, which

"consist[ed] of conclusory recitations of elements stated as legal conclusions." *Id*. at 12-13. On March 24, 2017, the Court entered final judgment. Docket No. 51. On April 19, 2017, plaintiff filed the present motion. Docket No. 52. Plaintiff styles her motion as a motion for reconsideration, but her motion seeks relief from judgment and the ability to file a motion to amend her complaint. *Id*. at 6.

Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is "extraordinary and may only be granted in exceptional circumstances," *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quoting *Pelican*

*Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)).  Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief.  *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999).

Plaintiff admits that she did not request leave to amend before judgment was entered.  Docket No. 52 at 2, ¶ 4.  She argues, however, that, because there was "[n]o delay, prejudice, improper motive, futility or failure to cure," a "post-judgment motion for leave to amend may be entertained by the Court in connection with relief sought from judgment under Rule 59 or 60."  *Id*. at 4, ¶ 12 (citing *Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1205-06 (10th Cir. 2004)).  Plaintiff also argues that dismissal of her amended complaint violated her Seventh Amendment right to a jury trial.  *Id*. at 5-6, ¶¶ 18-19.

Plaintiff has not shown any basis for relief from judgment.  Plaintiff's claims were dismissed because her amended complaint lacked specific factual allegations necessary to state a federal claim and the Court declined to exercise supplemental jurisdiction over plaintiff's state law claims.  *See* Docket No. 50.  Plaintiff seeks a third bite at the apple to make specific factual allegations, but she provides no indication of what factual allegations she could use to state a federal claim.  She neither provides a proposed second amended complaint nor refers to any facts that she could have alleged but did not.  *See* Docket No. 52.  The relief plaintiff seeks is particularly disfavored because the "amendment is not based on new evidence" and would, instead, simply be the presentation of allegations that were "readily available" prior to

the entry of judgment. *Combs*, 382 F.3d at 1206 (affirming the denial of relief from judgment to amend where the movant "offer[ed] no new evidence as grounds for the amendment."). Likewise, plaintiff's argument that dismissing her claims violated her Seventh Amendment rights is conclusory and meritless. *See Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir. 1990) ("Mr. Christensen's Seventh Amendment right to a jury trial was not abridged, because, as explained in the district court's opinions, the complaints failed as a matter of law to present an issue for trial." (citations omitted)). Accordingly, the Court will deny plaintiff's motion.

Wherefore, it is

**ORDERED** that plaintiff's Motion for Reconsideration re [51] Judgment and re [50] Order on Motion to Dismiss [Docket No. 52] is **DENIED**.

DATED February 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge